SPACEK *v.* SCHAUB [1]

1. APPEAL AND ERROR—RECORD—CONCLUSIVENESS.
    This court is governed by the record, rather than the claim of counsel, as to what occurred at the trial.

2. SAME—VERDICT—CONCLUSIVENESS.
    A verdict on conflicting evidence is conclusive.

Error to Wayne; Mandell, J. Submitted April 14, 1905. (Docket No. 81.) Decided May 12, 1905.

[1] Rehearing denied June 4, 1906.

Ejectment by Josephine Spacek and another against Anton Schaub and another. There was judgment for plaintiffs, and defendants bring error. Affirmed.

*William Look*, for appellants.

*George P. Codd*, for appellees.

MOORE, C. J. Plaintiffs bring ejectment to recover the easterly one foot of lot 67, on the north side of Watson street, in the city of Detroit. The defendants filed their plea of the general issue, with a notice of adverse possession, statute of limitation, etc. The case was tried by a jury, which returned a verdict in favor of plaintiffs. A motion was made for a new trial, which motion was overruled. The case is brought here by writ of error.

There are a good many assignments of error, but the discussion of most of them is unnecessary, growing out of what occurred upon the trial. In his charge to the jury, the judge said, among other things:

"Now the issues in this case are somewhat simplified by the claims of the respective parties. The plaintiff claims and the defendants claim that the fence between them up to four years ago accurately described the boundary line. Now they agree on that, but they do not agree that the fence has remained there in the same place since that. The plaintiff claims that the fence did describe the boundary line up to four years ago, but claims about four years ago that the fence was moved, and that consequently it no longer gives the proper line. Now the burden of proving that by a fair preponderance of evidence falls upon the plaintiff, and, if the plaintiff fails to convince you by a fair preponderance of evidence, then your verdict should be for the defendants. On the other hand, the defendants claim the same thing that the plaintiff does—that up to four years ago this fence accurately described the boundary line—and they seem to agree upon that; but they differ from the plaintiff, by claiming that the fence today is where it was four years ago. So you see the issues have been simplified in this case by this claim. So the principal question of fact which is unfortunately in dispute here, and which is left for your determination, is, Where was the fence four years ago?"

This statement was not challenged at the time. In overruling the motion for a new trial, the circuit judge said:

"At the trial it was agreed between counsel that the plaintiffs' right to recover depended solely upon the determination of the question of whether a certain fence separating plaintiffs' and defendants' property had been moved some six years prior to the trial by defendants."

Counsel, in his brief and upon the oral argument, says he challenges the truth of this statement. In disposing of the case, we must be governed by the record, rather than the claim of counsel.

It was the claim of plaintiffs upon the trial that, after the father of the one and the husband of the other obtained the lot, it was surveyed, and it was then 30 feet wide; that later defendant moved his fence 1 foot; and that a subsequent survey showed the lot had been reduced to 29 feet wide. There was testimony to support this claim. The defendant denied this claim of plaintiffs, and, while he admitted he had straightened up the fence, the top of which had sagged, he denied he had moved the bottom of the fence, and insisted it remained where it had been for many years, and gave testimony tending to establish his claim. Whether the fence had been moved or not became the pivotal question in the case. It was fairly submitted to the jury, which decided in favor of the plaintiffs.

Judgment is affirmed.

CARPENTER, McALVAY, OSTRANDER, and HOOKER, JJ., concurred.